### INDUSTRIAL COMM v THORMAN et

Ohio Appeals, 2nd Dist, Greene Co

No 411. Decided Nov 21, 1935

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, and Marcus McCallister, Prosecuting Attorney, Columbus, for plaintiff in error.

Marshall & Marshall, Xenia, for defendants in error.

## OPINION

By HORNBECK, J.

The petition in error sets forth several claimed errors, but there are but two questions presented which are determinative of the petition in error, namely: (1) Did the plaintiffs below, as a matter of law, fail to produce any probative evidence tending to show that the Thormans were employees of the Cement Company, when injured? (2) If they produced any testimony requiring the cause to be submitted to the jury is the verdict and judgment against the manifest weight of the evidence?

It is the claim of the plaintiff in error that the burden of proving that the Thormans were employees of the Cement Company was upon the plaintiffs, and that they have failed in this proof, and that the record supports the conclusion that they were independent contractors.

Principal reliance is placed upon the letter addressed to the Thormans and Daulton, and their signatures thereto, which constituted the original contract. Both parties rely upon **Industrial Commission v Laird, 126 Oh St 617,** and the plaintiff in error also cites **Industrial Commission v McAdow, 126 Oh St 198.**

The Laird case, supra, is authority for the proposition that the burden was upon the plaintiffs to show that their relationship to the Cement Company was that of employees, and the fourth proposition of the syllabus defines the test to be applied in making distinction between relationship of independent contractor and employee in this language:

"The vital test, in determining whether a person employed to do a certain work is an independent contractor or a mere servant, is the right of control over the work reserved by the employer."

An examination of the written contract is conclusive that it did not preclude the Cement Company from exercising the right of control over the work to be done by the Thormans, and the record supports the conclusion that as a matter of fact the Cement Company did exercise control over the work which the Thormans were required to do under their written contract and other work which they did, independent of the written contract. We are satisfied that, applying the test set up both in the syllabus of the Laird case and in the opinion of Judge Stephenson and in the opinion of Judge Jones in the McAdow case, supra, there was a factual question for the jury whether or not the Thormans were employees of the Cement Company at the time they were injured, and that the jury was within its prerogative in determining the question favorably to the claim of plaintiffs below.

One view of the evidence supported the finding that each of the three men, the Thormans and Daulton, was hired to paint the buildings named in the written contract; all of them were present at the time that the contract was discussed and prior to its execution; that the payment for the work was to each man on the basis of 40c per hour; that they were not permitted to employ other help to assist in completing the work; that the Cement Company provided the paint, the apparatus to spray it on the buildings and the rope which held the scaffold upon which the men were working when injured; that the men painted on the buildings mentioned in the contract and upon another building upon which they were directed to work by Mr. Palmer, the Works Manager of the Cement Company; that other work not connected with the subject matter of the contract was done upon the suggestion and under some supervision of the officers of the company, and that the men took orders on the job from Mr. Dunham, factory superintendent, and Mr. Palmer; that the men rang in and out on the time clock of the Company; that the hours of labor and the number of days each week during which they worked were the same as required of the regular employees of the Company.

The judgment of the trial court will be affirmed.

BARNES, PJ, and BODEY, J, concur.